**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | |
|---|---|
| Tracy L. Bartlett, | ) |
| | ) |
| Plaintiff, | ) Case No. 1:11-CV-638 |
| | ) |
| vs. | ) |
| | ) |
| Ohio National Financial Services, Inc., | ) |
| et al., | ) |
| | ) |
| Defendants. | ) |

O R D E R

This matter is before the Court on the motion for summary judgment filed by Defendants Ohio National Financial Services, Inc., et al. (Doc. No. 28). For the reasons that follow, Defendants' motion for summary judgment is well-taken and is **GRANTED.**

On May 17, 2010, Defendant Ohio National Financial Services, Inc. ("Ohio National") terminated Plaintiff Tracy L. Bartlett from her position as a new business application processor on the grounds of excessive absenteeism. In an EEOC complaint Plaintiff filed on September 28, 2010, Plaintiff alleged that Ohio National discriminated against her on the basis of disability - migraine headaches - by denying her promotions, accrued leave and reasonable accommodations. Complaint, Ex. A. The same complaint alleged that Ohio National retaliated against her. Plaintiff received a right-to-sue letter from the EEOC on June 18, 2011. Complaint ¶ 13; Complaint Ex. B.

On September 16, 2011, Plaintiff filed the instant lawsuit against Ohio National Financial Services, Inc., Debra S. LaBadie, Melinda Hubbard and a number of John

Does asserting claims for violations of the federal Americans With Disabilities Act ("ADA"), 42 U.S.C. § 12101, et seq., (Count I) and Family Medical Leave Act ("FMLA"), 42 U.S.C. § 2615, et seq., (Count II).  The complaint also added pendant state law claims for intentional infliction of emotional distress (Count III) and wrongful termination in violation of Ohio public policy (Count IV).  Plaintiff's amended complaint (Doc. No. 19) added The Ohio National Life Insurance Company as a defendant.

On April 26, 2011, Plaintiff and her husband filed a petition for voluntary bankruptcy in the U.S. Bankruptcy Court for the Eastern District of Kentucky.  Plaintiff did not list any of the claims she now asserts in this case on Schedule B of her bankruptcy petition.  Schedule B requires the debtor to list "other contingent and nonliquidated claims of every nature."  Doc. No. 28-7, at 18.  The bankruptcy petition also required Plaintiff to "[l]ist all suits and administrative proceedings to which the debtor is or was a party within **one year** immediately preceding the filing of this bankruptcy case."  Doc. No. 28-7, at 34 (emphasis in original).  Plaintiff answered this question "None," despite the fact that her EEOC charge against Ohio National was pending at the time.  Plaintiff averred under the penalty of perjury that all of the information provided in the petition was true and correct.  Doc. No. 28-7, at 56.  The bankruptcy judge entered an order discharging Plaintiff's debts on August 11, 2011. Plaint. Dep. Ex. 121.  Plaintiff filed this lawsuit about one month later.

When asked about the omission of her claims from her bankruptcy petition during her June 2012 deposition, Plaintiff claimed that her bankruptcy attorney told her not to list the claims because "you don't know if you're gonna win the case" and "[w]e don't know what you're gonna get." Plaint. Dep. at 282.  Plaintiff also claimed in her

2

deposition that her bankruptcy attorney disclosed the existence of her claims during her bankruptcy hearing.  See id. at 279-80.  Despite requests for production from Defendants, however, Plaintiff did not produce any records from the bankruptcy court verifying the disclosure of her claims to the bankruptcy court or the bankruptcy trustee.  Plaintiff has not adduced any evidence that she ever attempted to amend her bankruptcy petition to include the claims in this case on her schedule of assets.

Defendants' motion for summary judgment, while addressing the merits of Plaintiff's claims, argues that the Court should dismiss the complaint on the grounds of judicial estoppel.  Specifically, Defendants argue that judicial estoppel applies in the case due to Plaintiff's failure to disclose the claims in this case in her bankruptcy petition.  The Court agrees.

The doctrine of judicial estoppel applies where a party asserted a position that is contrary to one the party has asserted under oath in a prior proceeding and the prior court adopted the contrary position as a preliminary matter or as part of a final disposition.  Browning v. Levy, 283 F.3d 761, 775 (6th Cir. 2002).   In order to apply judicial estoppel in a case where the plaintiff omits disclosing claims or causes of action in a bankruptcy proceeding, the court must find that:

> 1) the plaintiff assumed a position that was contrary to the one that she asserted under oath in the bankruptcy proceedings;
>
> 2) the bankruptcy court adopted the contrary position either as a preliminary matter or as part of a final disposition; and
>
> 3) the plaintiff's omission did not result from mistake or inadvertence.

White v. Wyndham Vacation Ownership, Inc., 617 F.3d 472, 478 (6th Cir. 2010).  In determining whether the omission resulted from mistake or inadvertence, the court

3

must consider whether the plaintiff lacked knowledge of the factual basis for her claims, whether she had a motive for concealment, and whether the evidence indicates an absence of bad faith. Id. In determining whether there is an absence of bad faith, the court in particular looks at the plaintiff's attempts to advise the bankruptcy court of her omitted claims. Id. In this case, analysis and application of the above factors leads to the conclusion that Plaintiff is judicially estopped from asserting and litigating all of her claims against the Defendants.

First, Plaintiff clearly asserted a position in the bankruptcy court that is inconsistent with the position she has taken in this Court. Plaintiff's omission of her claims from her bankruptcy petition satisfies this requirement. See id. at 478-79.

Second, the bankruptcy court adopted Plaintiff's contrary position that she had no outstanding contingent or unliquidated claims by discharging her debts. Id.; Lewis v. Weyerhauser Co., 141 Fed. Appx. 420, 425 (6th Cir. 2005).

Third, the evidence shows that Plaintiff's omission of her claims from her bankruptcy petition did not result from mistake or inadvertence. Plaintiff does not contend that she did not know of the factual basis for her claims nor could she. Her EEOC complaint had been pending for nearly seven months at the time she filed her bankruptcy petition. Plaintiff also admitted in her deposition that she had been planning to sue Ohio National for alleged FMLA violations even before she was discharged. Plaint. Dep. at 195-96. Plaintiff's discharge in violation of public policy and intentional infliction of emotion claims are derivative of or intertwined with the disability discrimination and FMLA claims. Therefore, Plaintiff clearly knew of the factual basis for the claims she omitted from the bankruptcy petition.

Plaintiff had a motive to conceal her claims from the bankruptcy court.  Debtors have a motive to conceal their claims from the bankruptcy court so they can minimize their income and assets and to shield the proceeds of the lawsuit from their creditors.  Lewis, 141 Fed. Appx. at 426; Swanigan v. Northwest Airlines, Inc., 718 F. Supp.2d 917, 925 (W.D.Tenn. 2010).

The record does not support a finding of an absence of bad faith.  Plaintiff has not adduced any evidence of her attempts to advise the bankruptcy court of her omitted claims.  For instance, she has not submitted any evidence of any attempts she made to amend her bankruptcy petition to include the omitted claims.  Compare with Eubanks v. CBSK Fin. Group, Inc., 385 F.3d 894, 898-99 (6th Cir. 2004) (concluding that plaintiffs' omission of claims from bankruptcy petition was in good faith; plaintiffs "amended the bankruptcy schedules once . . . attempted to amend it a second time [and] put the court and the Trustee on notice through correspondence, motions, and status conference requests[.]").  Plaintiff's testimony that she disclosed her claims during the bankruptcy hearing is completely unsubstantiated.  Plaintiff has not submitted any record or transcript from the bankruptcy court evidencing this alleged disclosure despite a request for production from Ohio National.  Plaintiff has not produced any correspondence from herself or from her bankruptcy attorney to the bankruptcy court or to the bankruptcy trustee showing that she disclosed her claims.  Plaintiff's failure to produce any evidence from the bankruptcy records or correspondence leads to an inference that no such records exist and, hence, that no such disclosure was made.  Clay v. United Parcel Serv., 501 F.3d 695, 712 (6th Cir. 2007).

5

Plaintiff's defense of her failure to disclose her claims in the bankruptcy petition basically rests on her contention that she relied on the advice of her bankruptcy counsel.  Therefore, Plaintiff argues, she omitted her claims from her petition in good faith.  This contention, even accepted as being true, is not evidence of absence of bad faith because Plaintiff is bound by the actions of her attorney and his erroneous advice and/or conscious decision not to disclose her claims.  White, 617 F.3d at 483-84; Lewis, 141 Fed. Appx. at 427-28.

Finally, the timing of the events in this case strongly suggests that Plaintiff concealed her claims from the bankruptcy court in bad faith.  Plaintiff knew of the factual basis for all of her claims well in advance of the filing of her bankruptcy petition, and, indeed, her EEOC complaint was pending when she filed the petition.  Plaintiff received her right to sue letter from the EEOC on June 18, 2011.  Complaint ¶ 13.  The bankruptcy court did not discharge Plaintiff's debts until August 11, 2011.  Plaint. Dep. Ex. 121.  Thus, even crediting her contention that she believed her discrimination claims were indefinite, Plaintiff had nearly two months after her discrimination claims actually became concrete in which she could have, but did not, amend the schedule of assets she filed with the bankruptcy court.  Plaintiff filed this lawsuit a little over a month after the bankruptcy court discharged her debts and just two days before the 90-day window for filing her employment discrimination claims in federal court closed.  This sequence of events strongly supports a conclusion that Plaintiff intentionally concealed her claims until the bankruptcy court discharged her debts.  Compare with White, 617 F.3d at 482 (evidence indicated intention to conceal claims where plaintiff waited until "just after" plan confirmation to file her sexual harassment claim in district court); see also id. at

6

482 n.11;[1] Lewis, 141 Fed. Appx. at 428 (the fact that plaintiff initiated EEOC proceedings only one month after bankruptcy court approved bankruptcy plan supported a finding that plaintiff acted intentionally and in bad faith when she omitted discrimination claims from schedule of assets).

## Conclusion

For all of the reasons stated above, application of judicial estoppel in this case is appropriate and results in dismissal of the complaint. Accordingly, Defendants' motion for summary judgment is well-taken and is **GRANTED**. The complaint is **DISMISSED WITH PREJUDICE. THIS CASE IS CLOSED.**

---

[1] Under substantially similar facts, the White Court credited the district court's conclusion that the sequence of events in the case was suspicious and indicative of the plaintiff's bad faith:

> The district court also questioned, "the timing of events in this case," noting that:
>
>> Though Mr. Shipwash represented Plaintiff White [in the harassment claim] as early as May 27, 2008, when he requested the Notice of Right to Sue on her behalf, the Bankruptcy Court application to employ him was filed only after the meeting with creditors and objections to confirmation hearing [on October 1, 2008]. The timing of events in this matter raises questions as to why Plaintiff White's discrimination claims were not included on her original bankruptcy petition or at least timely amended after the filing of the present lawsuit, all of which further weaken her contention of inadvertence or mistake in this matter.
>
> (R. 20 p. 14.) It appears that the EEOC's Notice of a Right to Sue, which was issued on July 8, 2008, gave White 90 days to file a lawsuit against Defendants (however, the box specifically giving 90 days is not checked). (R. 10, Ex. 4.) White filed her harassment claim on October 2, 2008, just a few days before the 90 day period for filing that claim expired and just one day after her plan confirmation hearing.

White, 617 F.3d at 482 n.11.

**IT IS SO ORDERED**

Date January 31, 2013                              s/Sandra S. Beckwith
                                                  Sandra S. Beckwith
                                        Senior United States District Judge